UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL VINCENT WHITE, | No. C 06-6365 SI (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| ROBERT AYERS, JR., warden, | |
| Respondent. | |

## INTRODUCTION

Darrell Vincent White, currently in custody in San Quentin State Prison, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

White was convicted in the Madera County Superior Court of rape and kidnapping with the intent to commit rape. He was sentenced on June 4, 1993 to a term in prison. His habeas petition does not challenge that conviction but instead challenges the execution of his sentence: he appears to allege that prison officials discovered an error in the sentence imposed and then refused to refer the matter for sentencing review and correction. White apparently filed petitions for writ of habeas corpus in state court raising this issue before filing this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition, liberally construed, alleges that prison officials refuse to take the steps necessary to correct an error in the sentence imposed. Liberally construed, the allegation states a claim for a due process violation cognizable in a federal habeas action. A person has a fundamental due process right not to be subjected to a sentence that exceeds that allowed by state law. See generally Gardner v. Florida, 430 U.S. 349, 358 (1977); Walker v. Endell, 850 F.2d 470, 476 (9th Cir. 1987), cert. denied, 488 U.S. 926, and cert. denied, 488 U.S. 981 (1988).

**CONCLUSION**

For the foregoing reasons,

1. The petition states a cognizable claim for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **February 23, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and

1   that are relevant to a determination of the issues presented by the petition

2       4.   If petitioner wishes to respond to the answer, he must do so by filing a traverse
3   with the Court and serving it on respondent on or before **March 23, 2007**.

4       IT IS SO ORDERED.

5   DATED:  December 15, 2006

   _____
   SUSAN ILLSTON
   United States District Judge

3